J-S64003-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN LEWIS RUSH | : | |
| | : | |
| Appellant | : | No. 1561 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003932-2012

BEFORE: BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.: FILED DECEMBER 17, 2019

John Lewis Rush appeals from the September 28, 2018 judgment of sentence of one to three years of imprisonment, imposed following revocation of his probation due to another conviction.[1] We affirm.

Appellant pled guilty in January 2013 to statutory sexual assault, corruption of minors, and indecent exposure, and was sentenced to an aggregate term of one year less one day to two years less two days of incarceration, a concurrent three years of probation, and credit for 321 days of time served.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This is an appeal from the judgment of sentence imposed following our remand for re-sentencing in Commonwealth v. Rush, 178 A.3d 191 (Pa.Super. 2017) (unpublished memorandum).

Appellant was later convicted of other offenses at docket number CP-02-CR-002090-2014. On October 20, 2015, following a probation violation hearing, he was determined to have violated his probation based on these new convictions and on technical violations of his probation. His probation was revoked, and the court sentenced him to one to three years of incarceration, consecutive to the sentence imposed at CP-02-CR-002090-2014.

On appeal, this Court vacated the sentence due to the trial court's failure to make an on-the-record determination of Appellant's eligibility for RRRI, and remanded for resentencing. Commonwealth v. Rush, 178 A.3d 191 (Pa.Super. 2017) (unpublished memorandum). The court conducted a probation violation hearing at which this defect was remedied, and counsel for Appellant apprised the court of Appellant's exemplary behavior while incarcerated. At the conclusion of the hearing, the court imposed the same sentence, placing its reasons on the record. Appellant filed a timely post-sentence motion, which was denied. Appellant filed an appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review, both of which are challenges to the discretionary aspects of his sentence:

I. In again imposing [Appellant's] revocation sentence of 1-3 years' incarceration at CC 201203932 consecutive to his lengthy sentence of 14 years, 10 months-36 years, 6 months' incarceration at CC 201402090, coupled with the fact that [Appellant's] character and other mitigating evidence were not considered in violation of 42 Pa.C.S.A. §

- 2 -

9721(b), whether the trial court abused its sentencing discretion?

II.  Whether the trial court abused its sentencing discretion when it fashioned the sum and substance of [Appellant's] revocation sentence under the incorrect belief that [Appellant] should expect to be released on parole at (or near) his minimum sentence, but, as a matter of law, an offender has only the right to ask to be paroled at his minimum sentence?

Appellant's brief at 5.

Challenges to discretionary aspects of sentence are not entitled to appellate review as a matter of right. Commonwealth v. Allen, 24 A.3d 1058, 1064 (Pa.Super. 2011). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa.Super. 2014). The appellant must have preserved the issue by raising it either at sentencing, or in a timely post-sentence motion; filed a timely notice of appeal; included in his brief a statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and presented a substantial question for our review. Commonwealth v. Baker, 72 A.3d 652, 662 (Pa.Super. 2013).

Appellant preserved his claims in a timely post-sentence motion, filed a timely appeal, and included a Pa.R.A.P. 2119(f) statement in his brief. The remaining threshold question is whether he has raised a substantial question that the sentence is inappropriate under the sentencing code. A substantial question exists where a defendant raises a colorable argument that "the

sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa.Super. 2013) (citation and internal quotation marks omitted).

Appellant contends that his claim that his sentence is excessive due to its consecutive nature, coupled with the fact that the trial court failed to consider his character, personal history, and rehabilitative needs, raises a substantial question. While acknowledging that bald excessiveness claims do not generally raise a substantial question, Appellant directs our attention to numerous cases where excessiveness claims, combined with allegations that the court failed to consider certain sentencing factors have been held to present a substantial question. See Appellant's brief at 26-27 (citing Commonwealth v. Johnson-Daniels, 167 A.3d 17, 25 (Pa.Super. 2017) (substantial question raised where sentence alleged to be excessive in light of mitigating factors and rehabilitative needs); Commonwealth v. Swope, 123 A.3d 333 (Pa.Super. 2015) (challenge to consecutive sentences as excessive, together with claim that court failed to consider rehabilitative needs and mitigating factors, presented a substantial question). Appellant contends further that his claim that the court imposed a consecutive sentence under a mistaken belief that he would be paroled at or near expiration of his minimum sentence also raises a substantial question.

The Commonwealth counters that Appellant's assertion that his consecutive sentences are excessive and that the court failed to consider mitigating evidence does not raise a substantial question. Commonwealth's brief at 6. It relies upon Commonwealth v. Williams, 562 A.2d 1385, 1388 (Pa.Super. 1989) (en banc), where we distinguished between claims that the court did not have certain information, or correct information, which arguably raised a substantial question, and claims that the court simply did not accord proper weight to the information when it imposed sentence, which did not raise such a question. The Commonwealth would place Appellant's claim in the latter category. Furthermore, the Commonwealth maintains that Appellant's claim that the court abused its discretion in imposing a consecutive sentence because it mistakenly believed that he was entitled to parole at or near the expiration of the minimum of that sentence also fails to raise a substantial question because it is not borne out by the record. Id. at 9.

We find that Appellant raises a colorable claim sufficient to raise a substantial question, and that we may review his discretionary sentencing claims. The law is well settled that "[s]entencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." Commonwealth v. Crump, 995 A.2d 1280, 1282 (Pa.Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." Id.

Appellant alleges that the trial court abused its discretion in again imposing Appellant's revocation sentence at CP-02-CR-003932-2012 consecutive to his lengthy new sentence at CP-02-CR-002090-2014. He argues that the court unduly emphasized that his new conviction showed an escalation in violence, and did not consider Appellant's good behavior after the initial probation violation hearing. It abused its discretion in imposing a sentence of total confinement, even though he concedes that total confinement may be imposed where, as here, the defendant has been convicted of another crime. See 42 Pa.C.S. § 9771(c). Appellant faults the trial court for not undertaking a sufficient pre-sentence inquiry. He points to a presentence report that was three years old, and which failed to apprise the court of intervening circumstances that merited mitigation. Finally, Appellant criticizes the sentencing court for failing to reference his more recent positive behavior, and concludes that, "the trial court excluded entirely from its consideration [Appellant's] reformed character and other mitigating evidence." Appellant's brief at 42.

Our review of the transcript of the revocation/resentencing hearing confirms that the court was aware of mitigating circumstances that post-dated the preparation of the presentence report as counsel for Appellant placed such

considerations on the record.[2]  Counsel apprised the court that Appellant is working as a block worker and has supervisory responsibility for other inmates.  He is on the waiting list for a masonry course.  Counsel recounted how Appellant candidly admitted that he and other inmates were involved in a grievance involving a guard, and that he had been cited for "unauthorized group activity" in connection therewith, as evidence of Appellant's honesty and integrity.  Citing Appellant's efforts to improve his situation, counsel urged the court to either impose no additional sentence, or to run any sentence concurrent to the sentence already imposed.

The court stated that it had considered the presentence report.  See *Commonwealth v. Best*, 120 A.3d 329, 348-349 (Pa.Super. 2015) (reaffirming presumption where a pre-sentence report exists, "the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors").  However, in light of the escalation of violence on display during the latest conviction violation, the court remained convinced that the sentence it originally imposed was the appropriate sentence.  It subsequently added that Appellant's continued criminal conduct demonstrated that "he is a danger to those closest to him and to the community at large."  Trial Court Opinion,

_____

[2] Appellant offers no authority mandating that the trial court reiterate or reference mitigating circumstances on the record at sentencing.

3/25/19, at 5. The court further explained that it "gave a short minimum and a long maximum in order to allow Appellant to finish any and all appropriate programs[,]" demonstrating awareness of his rehabilitative needs. Id. Thus, the trial court properly considered the appropriate sentencing factors, and we find no abuse of discretion.

Next, Appellant alleges that the trial court relied upon an improper and inaccurate consideration when it ran the revocation sentence consecutively. Counsel for Appellant represented that Appellant's minimum sentence at the 2014 case did not expire until 2030, at which time Appellant would be thirty-seven years of age.[3] Counsel added a caveat: "But the reality is few people are actually paroled at their minimum. They have a right to request parole. They don't have a right to be released at their minimum." N.T., Probation Violation Hearing, 9/28/18, at 7.

The court responded: "I would not necessarily agree with that summary based on my time on the sentencing commission with the current chair of the parole board." Id. at 7. Defense counsel responded that he would "be happy to be wrong" and expressed his hope that "defendants are being routinely released." Id. The court disagreed with counsel's desire for "routine release,"

_____

[3] According to the notes of testimony, defense counsel stated that "on January 10, 2030, Appellant would be 77 and a half years old." N.T., 9/28/18, at 7. We believe this was an error in transcription, and that Appellant's representation on appeal that he would be thirty-seven and one-half years old in 2030 is correct.

and discussed the purpose of the minimum and maximum sentencing scheme as incentivizing inmates to earn their release. The court added, "just to be clear, I'm not suggesting that he shouldn't be paroled at his minimum to the extent that he does well and the parole board determines that that is appropriate." Id. at 8.

Counsel for Appellant clarified that his point was that Appellant had no right to be released at the expiration of the minimum, and that his release will be determined by his conduct while he is incarcerated. He added, "But I don't think it's a stretch to say many of the defendants obviously surpass the minimum." Id.

Appellant now suggests, based on the foregoing exchange, the trial court did not understand that he did not have a right to release upon the completion of his minimum sentence. He maintains that, "the sum and substance of the revocation sentence fashioned by the trial court was based, in whole or in part, on a misunderstanding of parole law." Appellant's brief at 45-46.

Appellant's view of the foregoing discussion strains credulity. It is apparent from the record that the trial court understood that one becomes eligible for parole at the expiration of his minimum sentence. Based upon personal interaction with the chair of the parole board, the court was merely questioning defense counsel's broad generalization that, in reality, release

following service of a minimum seldom occurs.  We find no abuse of discretion that would entitle Appellant to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/2019